Susan Qin, Esq. (SBN:350720)
Law Office of Susan Qin, PC
17870 Castleton St. Suite 100
City of Industry, CA 91748
Tel: (626) 486-9222
Email: susan@susanqinlaw.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

YUMEI JI, A# 234-805-768

Petitioner,

v.

ERNESTO SANTACRUZ, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and ACTING WARDEN OF THE ADELANTO ICE PROCESSING CENTER,

*Respondents.*

Case No.

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

## INTRODUCTION

1. Petitioner Yumei Ji, A# 234-805-768 ("Petitioner"), is a native and citizen of China who is presently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center pursuant to 8 U.S.C. § 1226(a) after ICE arrested her on August 12, 2026 and initiated removal proceedings by serving her with a Notice to Appear alleging removability under INA § 237(a)(1)(B) .

2. Although Petitioner is detained under a discretionary detention statute, she has never been convicted of any crime, has no history of violence, no gang affiliation, and no record suggesting that she poses a danger to the public. DHS's own records confirm that Petitioner has no criminal history.

3. Petitioner lawfully entered the United States on June 21, 2024, as a B-2 nonimmigrant visitor for pleasure. Prior to her detention, Petitioner pursued immigration relief through lawful channels by filing an affirmative Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. DHS records further confirm that Petitioner obtained employment authorization and maintained a valid Employment Authorization Document.

4. On August 12, 2026, ICE arrested Petitioner at Los Angeles International Airport pursuant to a targeted enforcement operation. At the time of her arrest, Petitioner was preparing to board a domestic commercial flight from Los Angeles, California, to Dallas, Texas. She was traveling openly under her true identity and passed through Transportation Security Administration screening procedures and was not attempting to depart the United States.

5. Following her arrest, DHS charged Petitioner as removable pursuant to INA § 237(a)(1)(B) and detained her under § 1226(a). Removal proceedings remain pending before the Immigration Court.

6. Since her detention by Immigration and Customs Enforcement ("ICE"), Petitioner has remained continuously detained at the Adelanto ICE Processing Center. Petitioner has not been provided with a bond hearing or any other individualized custody hearing before an Immigration Judge at which the Government was required to justify her continued detention. As a result, no Immigration Judge has ever determined that Petitioner poses a danger to the community or presents a risk of flight. Petitioner continues to challenge the legality and constitutionality of her prolonged detention through this habeas proceeding.

7. Despite Petitioner's ongoing confinement, the Government has never been required to establish that her detention is necessary to serve any legitimate custody purpose. Nor has any neutral adjudicator evaluated whether continued detention is justified based on the particular facts of Petitioner's case. Petitioner's detention has continued without any individualized determination that she presents either a danger to the community or a meaningful risk of absconding.

8. The available record instead demonstrates Petitioner's ongoing compliance with the immigration system. Petitioner lawfully entered the United States with a valid B-2 visa and subsequently filed an affirmative Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. That application remains pending. Petitioner also obtained employment authorization through the

immigration process and has maintained lawful employment. These actions reflect engagement with, rather than evasion of, the immigration laws of the United States.

9. Petitioner maintains substantial community ties in the United States. Prior to her detention, she resided and worked in Texas, where she obtained a massage therapist license and maintained employment. In addition, Petitioner's fiancé resides in the United States, and his sister, a lawful permanent resident, is willing to provide housing, financial assistance, and supervision if Petitioner is released. These circumstances further undermine any suggestion that Petitioner presents a meaningful risk of flight.

10. The Constitution does not permit the continued civil detention of a noncitizen under 8 U.S.C. § 1226(a) without any meaningful individualized determination that detention is necessary. Due process requires more than the automatic continuation of confinement based solely upon the existence of pending removal proceedings.

11. Petitioner's continued detention is particularly troubling because no adjudicator has ever found that she poses a danger to the community or presents a genuine risk of flight. The record instead demonstrates lawful entry, a pending asylum application, lawful employment, substantial community ties, and a complete absence of criminal history. Under these circumstances, continued detention lacks a sufficient factual basis.

12. Although 8 U.S.C. § 1226(e) limits judicial review of discretionary custody determinations, it does not preclude review of constitutional claims or questions of law. *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). Rather, Petitioner challenges the legality of her continued detention itself and the constitutional sufficiency of the process that resulted in her continued detention.

13. The deprivation of physical liberty "*lies at the heart of the liberty that the Due Process Clause protects*." Every additional day of confinement subjects Petitioner to ongoing and irreparable constitutional injury.

14. Further administrative custody proceedings would not provide an adequate or effective remedy. Petitioner has already endured prolonged detention without any individualized judicial determination that her confinement is necessary. Requiring Petitioner to pursue additional administrative processes before obtaining relief would only prolong the constitutional injury challenged in this action while she remains deprived of her physical liberty.

15. Because Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment and because no adequate alternative remedy exists, Petitioner respectfully requests that this Court issue a writ of habeas corpus and order her immediate release from immigration custody pending the conclusion of her removal proceedings.

**JURISDICTION**

16. Petitioner is in the physical custody of Respondents and is presently detained at the Adelanto ICE Processing Center in Adelanto, California.

17. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in custody under the authority of the United States and challenges the legality of that custody under the Constitution and laws of the United States.

18. Although 8 U.S.C. § 1226(e) limits review of discretionary custody determinations, it does not preclude judicial review of constitutional claims or questions of law. *See Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

19. This Court also has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

20. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the All Writs Act, 28 U.S.C. § 1651, and its inherent equitable authority to remedy unconstitutional restraints on liberty.

21. Petitioner challenges the legality and constitutionality of her continued and prolonged immigration detention and seeks habeas relief in the form of immediate release from custody.

**VENUE**

22. Venue is proper in this Court pursuant to 28 U.S.C. § 2241 because Petitioner is detained within the Central District of California and his immediate custodian is located within this District.

23. Venue is proper pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004), and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973), because Petitioner is presently confined within this judicial district and seeks relief from the federal officials exercising custody over him.

24. Venue is also proper pursuant to 28 U.S.C. § 1391(e) because Respondents are officers and employees of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the Central District of California.

**REQUIREMENTS OF 28 U.S.C. § 2243**

25. Pursuant to 28 U.S.C. § 2243, this Court must either grant the writ of habeas corpus or issue an order directing Respondents to show cause why the writ should not be granted unless it appears from the application that Petitioner is not entitled to relief.

26. Section 2243 further provides that if an order to show cause is issued, Respondents must file a return "*within three days unless for good cause additional time, not exceeding twenty days, is allowed.*" 28 U.S.C. § 2243.

27. Habeas corpus is "*perhaps the most important writ known to the constitutional law . . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement.*" *Fay v. Noia*, 372 U.S. 391, 400 (1963).

28. The Ninth Circuit has likewise emphasized the urgent nature of habeas proceedings, observing that "[t]*he application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application.*" *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

29. Expedited consideration is warranted because Petitioner remains subject to ongoing physical confinement that he alleges is unlawful and unconstitutional. Each additional day of detention results in a continuing deprivation of liberty and inflicts irreparable harm. Prompt consideration is particularly appropriate where, as here, Petitioner remains in ongoing removal proceedings, continues to pursue relief authorized by Congress, challenges Respondents' authority to continue detaining her, and seeks immediate release from custody through the Great Writ of Habeas Corpus.

**PARTIES**

30. Petitioner Yumei Ji, A# 234-805-768, is a native and citizen of China. She is currently detained at the Adelanto ICE Processing Center in Adelanto, California. Petitioner remains in removal proceedings before the Immigration Court and has no final order of removal.

31. Respondent Ernesto Santacruz is the Field Office Director for Enforcement and Removal Operations ("ERO"), Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"). In that capacity, he exercises legal authority over Petitioner's detention and is responsible for implementing and overseeing detention decisions affecting Petitioner. He is sued in his official capacity.

32. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement. As Acting Director, he oversees ICE's detention and removal operations nationwide and is responsible for the policies and practices under which Petitioner is detained. He is sued in his official capacity.

33. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"). As Secretary, he is responsible for the administration and enforcement of the Immigration and Nationality Act and exercises supervisory authority over ICE and other DHS components involved in Petitioner's detention. He is sued in his official capacity.

34. Respondent Todd Blanche is the Attorney General of the United States. As Attorney General, he oversees the Executive Office for Immigration Review ("EOIR"), including the Immigration Courts responsible for adjudicating Petitioner's removal proceedings. He is sued in his official capacity.

35. Respondent Acting Warden of the Adelanto ICE Processing Center is Petitioner's immediate physical custodian and is responsible for Petitioner's day-to-day confinement. The Acting Warden has custody over Petitioner and is sued in his official capacity.

## LEGAL FRAMEWORK

36. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 because Petitioner challenges the legality of her present physical detention.

37. Federal district courts possess habeas corpus jurisdiction to review the lawfulness of immigration detention and to remedy violations of the Constitution and laws of the United States.

38. Although Congress has limited judicial review of certain immigration decisions, federal courts retain jurisdiction to review constitutional claims and questions of law arising from immigration detention. 8 U.S.C. § 1226(e) does not insulate unlawful detention from judicial scrutiny merely because a custody determination has been labeled discretionary. See *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011).

39. Federal courts exercising habeas jurisdiction may determine whether detention is authorized by statute, whether the Government has applied the correct legal standard, and whether continued detention complies with the requirements of the Due Process Clause.

40. Petitioner does not seek review of any discretionary weighing of evidence by an Immigration Judge. Rather, Petitioner challenges the legality and constitutionality of her continued detention under § 1226(a) in the absence of any individualized

determination that her detention is necessary to serve the legitimate purposes of civil immigration custody.

41. The Due Process Clause applies to all persons physically present within the United States, including noncitizens. As the Supreme Court has explained, "*once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.*" *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

42. Freedom from physical restraint lies at the core of the liberty protected by the Due Process Clause. The Supreme Court has recognized that "[f]*reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that* [the Due Process] *Clause protects.*" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

43. Immigration detention is civil rather than criminal in nature. Because immigration detention is not punishment, it may be justified only insofar as it reasonably advances a legitimate governmental objective.

44. The Government's authority to detain noncitizens is subject to constitutional limitations. Continued detention must bear a reasonable relationship to the purposes asserted to justify that detention and may not become excessive, arbitrary, or punitive in effect.

45. Under 8 U.S.C. § 1226(a), the legitimate purposes of detention are ensuring a noncitizen's appearance at future proceedings and protecting the community from

danger. Custody determinations must be based upon an individualized assessment directed toward those objectives.

46. The Government likewise bears the burden of demonstrating why less restrictive alternatives to detention would be inadequate to address any legitimate custody concerns. Where detention is not necessary to protect the community or ensure appearance at future proceedings, continued confinement becomes excessive in relation to its civil purposes.

47. Due process requires that continued detention under § 1226(a) bear a reasonable relationship to its permissible purposes. Where the Government has never established that a detainee poses a danger to the community or a meaningful risk of flight, continued detention becomes arbitrary and constitutionally suspect.

48. Although Congress has authorized discretionary detention under § 1226(a), that authority is not unlimited. Civil detention may not be imposed or continued without a constitutionally adequate basis demonstrating that detention serves a legitimate governmental objective.

49. Petitioner's interest in remaining free from physical confinement is among the most fundamental liberty interests protected by the Constitution. The deprivation of that liberty requires meaningful procedural safeguards and a custody determination that is rationally connected to the permissible purposes of immigration detention.

50. The writ of habeas corpus exists to provide a prompt judicial remedy against unlawful executive detention. Federal courts possess broad authority under 28 U.S.C. §§ 2241 and 2243 to remedy unconstitutional restraints on liberty.

51. Where continued prolonged detention violates the Constitution, federal courts may order release from custody as an appropriate form of habeas relief. See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 699-701 (2001).

52. This case does not concern the discretionary outcome of a bond hearing. Rather, Petitioner remains detained despite the absence of any individualized determination by a neutral adjudicator that she poses a danger to the community or presents a risk of flight sufficient to justify continued confinement.

53. Petitioner has suffered and continues to suffer an ongoing deprivation of liberty. Each additional day of detention imposes irreparable harm, and habeas corpus provides the traditional mechanism for testing the legality of executive detention and securing appropriate relief where continued confinement violates the Constitution.

54. Accordingly, habeas corpus provides an appropriate and necessary vehicle for judicial review of Petitioner's continued detention and for the immediate release requested in this Petition.

## FACTUAL BACKGROUND

### A. PETITIONER'S LAWFUL ADMISSION AND IMMIGRATION HISTORY

55. Petitioner YUMEI JI, A# 234-805-768, is a native and citizen of China.

56. Petitioner entered the United States lawfully on June 21, 2024, as a B-2 nonimmigrant visitor for pleasure. She was admitted with permission to remain until December 20, 2024.

57. Following her lawful admission, Petitioner remained in the United States and sought immigration relief through lawful channels.

58. Petitioner filed an affirmative Form I-589 Application for Asylum and for Withholding of Removal with United States Citizenship and Immigration Services ("USCIS"). DHS records acknowledge the existence of Petitioner's pending Form I-589 application.

59. DHS records further reflect that Petitioner had an approved Form I-765 Application for Employment Authorization.

60. On August 12, 2026, DHS alleged that Petitioner was removable under INA § 237(a)(1)(B) based on an overstay of her nonimmigrant admission period.

61. Petitioner's eligibility to remain in the United States has not been finally adjudicated. Her removal proceedings remain pending, and no final order of removal has been entered against her.

**B. PETITIONER'S PURSUIT OF PROTECTION CLAIMS**

62. Petitioner fears returning to China because of her Christian faith and seeks protection under the immigration laws of the United States.

63. Following her lawful admission to the United States, Petitioner pursued immigration relief through lawful channels by filing an affirmative Form I-589 Application for Asylum and for Withholding of Removal with United States Citizenship and Immigration Services ("USCIS").

64. DHS's own records acknowledge that Petitioner has a pending Form I-589 application. DHS records further reflect that Petitioner has been granted employment authorization through an approved Form I-765 application.

65. After DHS initiated removal proceedings, Petitioner continued to pursue protection claims before the Immigration Court.

66. Petitioner submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture, together with a personal statement describing the basis for her fear of returning to China before her apprehension.

67. Petitioner intends to continue pursuing all forms of relief for which she may be eligible under the Immigration and Nationality Act.

68. Petitioner's efforts to obtain protection have been continuous and consistent. Prior to the initiation of removal proceedings, she sought relief before USCIS. After being placed into removal proceedings, she continued to pursue the same protection claims before the Immigration Court.

69. Petitioner's eligibility for relief has not yet been adjudicated by the Immigration Court, and no final order of removal has been entered against her. The merits of her protection claims remain pending.

70. Petitioner's pursuit of asylum and related relief is not hypothetical or speculative. Rather, Petitioner has taken concrete steps to seek protection under the immigration laws, has filed the necessary applications, and continues actively to pursue those claims through the legal process.

**C. ARREST BY ICE AND INITIATION OF REMOVAL PROCEEDINGS**

71. On August 12, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner at Los Angeles International Airport ("LAX").

72. According to DHS records, Petitioner was scheduled to board a domestic United Airlines flight from Los Angeles, California, to Dallas, Texas.

73. Petitioner was not attempting to depart the United States.

74. Petitioner was traveling on a domestic itinerary and passed through normal Transportation Security Administration screening procedures under her true identity.

75. Following her arrest, DHS served Petitioner with a Notice to Appear charging removability pursuant to INA § 237(a)(1)(B) based upon an alleged nonimmigrant overstay.

76. DHS thereafter placed Petitioner into removal proceedings and detained her pursuant to 8 U.S.C. § 1226(a).

**D. PETITIONER'S LACK OF CRIMINAL HISTORY AND DANGER TO THE COMMUNITY**

77. Petitioner has no criminal history.

78. DHS records expressly identify no criminal record.

79. DHS records further indicate that Petitioner has no gang affiliation.

80. DHS presented no evidence that Petitioner poses a danger to persons, property, or the community.

81. Nothing in the record suggests that Petitioner poses a danger to persons, property, or the community. To the contrary, Petitioner has no criminal history, no gang affiliation, and no record of violence or conduct threatening public safety.

**E. PETITIONER'S COMMUNITY TIES**

82. Prior to her detention, Petitioner resided and worked in Texas.

83. Petitioner obtained a massage therapist license and maintained employment while pursuing her pending asylum application.

84. Petitioner has developed substantial ties within the United States community.

85. Petitioner maintains close personal relationships in the United States, including with her fiancé.

86. Petitioner's fiancé's sister is a lawful permanent resident of the United States and is willing to provide housing, financial support, transportation assistance, and other supervision if Petitioner is released from custody.

87. These community and family connections provide Petitioner with a stable residence and support network during the pendency of her removal proceedings.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE (UNLAWFUL CONTINUED DETENTION)

88. Petitioner re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. The Fifth Amendment prohibits the federal government from depriving any person of liberty without due process of law.

90. Physical liberty is among the most fundamental interests protected by the Constitution.

91. Immigration detention under 8 U.S.C. § 1226(a) is civil rather than criminal in nature and may be justified only insofar as it reasonably advances legitimate governmental interests, including ensuring a noncitizen's appearance at future proceedings and protecting the public from danger.

92. Petitioner has no criminal history, no gang affiliation, and no history of violence. DHS presented no evidence establishing that Petitioner poses a danger to any person or to the community.

93. Despite Petitioner's continued detention, no Immigration Judge or other neutral adjudicator has made an individualized determination that Petitioner poses a danger to the community or presents a meaningful risk of flight.

94. The available record instead demonstrates Petitioner's compliance with the immigration system. Petitioner lawfully entered the United States on a valid B-2 visa, filed an affirmative Form I-589 application for asylum and related relief, obtained employment authorization, and continued pursuing immigration relief through lawful procedures.

95. Petitioner's community ties further undermine any basis for continued detention. Prior to her detention, Petitioner resided and worked in Texas, maintained gainful employment as a licensed massage therapist, and established significant personal ties in the United States. Petitioner's fiancé resides in the United States, and Petitioner's fiancé's sister, a lawful permanent resident, is willing to provide housing and support upon Petitioner's release.

96. Petitioner's arrest likewise provides no basis for continued detention. At the time of her arrest, Petitioner was traveling openly under her true identity on a domestic commercial flight and was not attempting to leave the United States.

97. Under these circumstances, Petitioner's continued detention lacks a sufficient factual and constitutional justification and no longer bears a reasonable relationship to the legitimate purposes of civil immigration detention.

98. As a direct result of Respondents' actions, Petitioner continues to suffer an ongoing deprivation of liberty in violation of the Due Process Clause of the Fifth Amendment.

## COUNT II

## CONTINUED DETENTION IS ARBITRARY AND NO LONGER REASONABLY RELATED TO A LEGITIMATE GOVERNMENTAL PURPOSE

99. Petitioner re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100. The Government's authority to detain noncitizens under 8 U.S.C. § 1226(a) is limited by the Due Process Clause of the Fifth Amendment.

101. Civil immigration detention is constitutionally permissible only insofar as it bears a reasonable relationship to legitimate governmental objectives, including protecting the community from danger and ensuring a noncitizen's appearance at future immigration proceedings.

102. Petitioner has never been convicted of a criminal offense, has no history of violence, no gang affiliation, and no record suggesting that she poses a danger to the community.

103. Petitioner lawfully entered the United States, filed an affirmative application for asylum and related relief, obtained employment authorization through lawful procedures, and has continuously engaged with the immigration system through official channels.

104. Prior to her detention, Petitioner resided and worked in Texas, maintained gainful employment as a licensed massage therapist, and developed substantial ties within the United States community.

105. Petitioner also maintains significant personal support within the United States. Her fiancé resides in the United States, and her fiancé's sister, a lawful permanent resident, is willing to provide housing, financial assistance, and support upon Petitioner's release.

106. At the time of her arrest, Petitioner was openly traveling under her true identity on a domestic commercial flight within the United States and was not attempting to depart the country or evade immigration authorities.

107. Despite these facts, Petitioner remains detained under § 1226(a) without any individualized determination that she poses a danger to the community or presents a meaningful risk of flight.

108. Respondents have never demonstrated that less restrictive alternatives to detention would be inadequate, including release on recognizance, supervision, reporting requirements, or residence with community sponsors.

109. Because Respondents have failed to establish a constitutionally sufficient basis for Petitioner's continued detention, her confinement no longer bears a reasonable relationship to the legitimate purposes of civil immigration detention.

110. The continued deprivation of Petitioner's physical liberty is arbitrary and violates the Due Process Clause of the Fifth Amendment.

**COUNT III**

**HABEAS RELIEF IS NECESSARY TO REDRESS ONGOING UNLAWFUL DETENTION**

111. Petitioner re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112. Petitioner remains detained pursuant to 8 U.S.C. § 1226(a) despite the absence of any individualized determination that her continued detention is necessary to protect the community or ensure her appearance at future proceedings.

113. The constitutional injury alleged in this Petition arises from Petitioner's ongoing deprivation of physical liberty without a constitutionally sufficient justification for continued detention.

114. Respondents have never established that Petitioner poses a danger to the community or presents a meaningful risk of flight. Nor has any neutral adjudicator made such findings.

115. The record instead demonstrates lawful entry, a pending asylum application, authorized employment, substantial community ties, and a complete absence of criminal history.

116. Nothing in the record establishes that Petitioner's continued confinement presently serves either of the recognized purposes of detention under 8 U.S.C. § 1226(a): protecting the community or ensuring appearance at future proceedings.

117. Each additional day of detention inflicts continuing and irreparable harm upon Petitioner and constitutes an ongoing deprivation of liberty protected by the Due Process Clause.

118. Habeas corpus provides an appropriate vehicle for addressing unlawful executive detention and preventing continuing constitutional injury.

119. Immediate release is the only relief capable of redressing the ongoing violation of Petitioner's constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue a writ of habeas corpus declaring Petitioner's continued detention unlawful and unconstitutional;

c. Order Respondents to immediately release Petitioner from immigration custody;

d. Grant such other and further relief as the Court deems just and proper.

DATED: August 24, 2026

Respectfully submitted

Susan Qin Esq.
*Attorney for Petitioner*

**VERIFICATION BY SOMEONE ACTING ON THE PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am Petitioner's attorney. I have discussed with Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 24, 2026

Susan Qin Esq.
*Attorney for Petitioner*